**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gallaher, | No. CV-15-0266-TUC-BGM |
| Plaintiff, | |
| v. | **ORDER** |
| Autovest, LLC, | |
| Defendant. | |

Currently pending before the Court is Defendant Autovest, LLC's Motion for Summary Judgment (Doc. 10). Plaintiff filed his Response (Doc. 20) and Defendant has replied (Doc. 23). Oral argument was held on March 29, 2016. *See* Minute Entry 3/29/2016 (Doc. 24).

**I.    FACTUAL BACKGROUND**

*A.    Defendant Autovest, LLC's Relationship to Wells Fargo Financial, Inc.*

Defendant Autovest, LLC asserts that on July 8, 2010, it acquired certain contracts, including Plaintiff David Gallaher's contract, from Wells Fargo Financial, Inc. pursuant to agreement. *See* Def.'s Statement of Facts ("SOF") (Doc. 11) at ¶ 1; *see*

Def.'s Mot. for Summ. J. (Doc. 10), Bill of Sale and Assignment of Receivables Pursuant to the Purchase Agreement 7/8/2010 (Exh. "A").  Plaintiff agrees, for purposes of this motion, that Defendant acquired certain contracts; however, contests that it acquired his specific contract.  Pl.'s Controverting SOF (Doc. 21) at ¶ 1.  Under the terms of the purchase agreement, Wells Fargo granted Defendant a limited power of attorney to execute assignments relating to contracts Defendant had acquired under the agreement.  Def.'s SOF (Doc. 10), Form of Limited Power of Attorney 7/8/2010 (Exh. "C").  Plaintiff asserts that he "denies" this assertion, because "Defendant has not produced a copy of the Agreement, so the terms are unknown."  Pl.'s Controverting SOF (Doc. 21) at ¶ 2.  The Court notes, however, that Vice President Dean R. Anderson signed the Form of Limited Power of Attorney "[f]or itself and for and on behalf of the other Sellers under the Purchase Agreement[.]"  Def.'s SOF (Doc. 10), Exh. "C".

### B.     The Arizona State Court Proceeding

The "Assignment of Installment Contract" ("the Assignment") attached to the complaint filed on behalf of Defendant in the Santa Cruz County Superior Court, *Autovest, LLC v. David Gallaher*, et al., case number CV-14-258, lists Plaintiff David Gallaher as the obligor under a contract he entered into on February 18, 2008 in connection with the purchase of a 2005 Honda Accord.  Def.'s SOF (Doc. 10), Assignment of Installment Contract (Exh. "D"); *see also* Compl. (Doc. 1), Exh. "A."  The Assignment identifies the "assignor" as Wells Fargo and was executed by Darren Kazich as an "agent" of Wells Fargo.  Def.'s SOF (Doc. 10), Exh. "D"; *see also* Compl. (Doc. 1), Exh. "A."  Plaintiff denies that Darren Kazich executed the Assignment and that he was

an "agent" for Wells Fargo. Pl.'s Controverting SOF (Dox. 21) at ¶ 4. Plaintiff's contention is based on counsel's statement that Darren Kazich's exact signature appears on nine other assignments unrelated to this cause of action. *See id.* The Assignment lists Wells Fargo as the original creditor and that the contract was assigned to Autovest on July 8, 2010. Def.'s SOF (Doc. 10), Exh. "D"; *see also* Compl. (Doc. 1), Exh. "A." The Assignment does not state that Mr. Kazich is an employee of Wells Fargo. *Id.*

Pursuant to the Form of Limited Power of Attorney attached to the agreement between Defendant and Wells Fargo, Wells Fargo gave Defendant a limited power of attorney that granted Defendant the authority to execute assignments relating to the contracts subject to the Agreement. Def.'s SOF (Doc. 10), Exh. "C." Mr. Kazich was authorized to execute the assignment on behalf of Wells Fargo as its agent pursuant to the Limited Power of Attorney attached to the agreement between Defendant and Wells Fargo. Def.'s SOF (Doc. 10), Basha Decl. at ¶ 6. Plaintiff argues that Ms. Basha's statement that Mr. Kazich is an employee of Defendant Autovest, LLC is controverted by her prior trial testimony in the New Mexico state court case *Autovest, LLC v. Irene Evans*, et al., case number CV-13-2039, in which she stated "Mr. Kazich is a member of the member partners or member companies of Autovest. He is a member of BXS, which is an owner of Autovest, and through the purchase agreement with Wells Fargo, Wells Fargo provided Autovest a power of attorney to sign documents such as this." Pl.'s Controverting SOF (Doc. 21), Evans Trial Tr. 1/8/2015 (Exh. "B") at 19:22–20:2.

In the prior Santa Cruz County Superior Court proceeding, Plaintiff admitted that he had financed a vehicle with Wells Fargo and breached that contract. Def.'s SOF (Doc.

- 3 -

10), Answer and Affirmative Defenses, *Autovest, LLC v. Gallaher*, et al., Ariz. Superior Ct. Case No. CV14-258 (Exh. "2") at ¶¶ 4 & 5.

### C. The Instant Litigation

On June 18, 2015, Plaintiff initiated the current cause of action. *See* Compl. (Doc. 1). Plaintiff alleges that "Autovest created the Assignment and attached it to the Complaint [in the Arizona state court action] in order to falsely represent that a Wells Fargo employee signed the document verifying that Mr. Gallaher's contract ha[d] been assigned to Autovest." Compl. (Doc. 1) at ¶ 14. Plaintiff further alleges that "Autovest routinely uses these 'Assignment' forms signed by Kazich in order to mislead consumers into believing that the statement was signed by a Wells Fargo employee." *Id.* at ¶ 17. Plaintiff asserts that "Autovest purposefully uses the misleading Assignment to falsely represented [sic] that Wells Fargo provided the Assignment to establish that Plaintiff's contract had been assigned to Autovest." *Id.* at ¶ 19. Plaintiff further asserts that "[a]t the time Autovest filed suit and attached the Assignment to the complaint, it knew, or should have known, that its misrepresentation as to the origin of the Assignment was false and misleading to the least sophisticated debtor." *Id.* at ¶ 20. Plaintiff asserts that Defendant violated Sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692e(14), 15 U.S.C., of the Fair Debt Collection Practices Act ("FDCPA").

### D. Plaintiff's Controverting Facts

Upon receipt of the complaint in the Santa Cruz County Superior Court proceeding, Plaintiff reviewed the complaint and attachments, including the document identified as Assignment of Installment Contract. Pl.'s Controverting SOF (Doc. 21),

Gallaher Decl. (Exh. "3") at ¶ 4. Upon review of the Assignment of Installment Contract, Plaintiff believed it was a document prepared by Wells Fargo and signed by Wells Fargo personnel. *Id.*, Exh. 3 at ¶ 5.

The Limited Power of Attorney states that it is "subject to the terms and conditions of the aforementioned Purchase Agreement," which is identified as "that certain Purchase Agreement . . . dated as of July 8, 2010." Def.'s SOF (Doc. 10), Exh. "C." Defendant has not provided Plaintiff or the Court a copy of the Purchase Agreement.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986), "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the consideration of a motion for summary judgment. *Id*. In order to withstand a motion for summary judgment, the nonmoving party must show "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett* in , 477 U.S. 317, 324 (1986). Moreover, a "mere scintilla of evidence" does not preclude the entry of summary judgment. *Anderson*, 477 U.S. at 252. The United States Supreme Court has also recognized that "[w]hen opposing parties

tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

## III. ANALYSIS

Defendant seeks summary judgment because the Assignment was not materially false or misleading. *See* Def's. Mot. for Summ. J. (Doc. 10). Plaintiff contends that Mr. Kazich's signature "leads the least sophisticated debtor to believe that Wells Fargo ha[d] assigned his contract to Autovest." Pl.'s Response (Doc. 20) at 4. Plaintiff further asserts that the "Assignor" listed in the Assignment is not the same entity listed in the original loan contract and that the Assignment is ineffective under Arizona law. *Id.* at 6–7.

### A.   *The FDCPA*

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Serv., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Id.* at 1060–61 (citations omitted). "The FDCPA is a strict liability

- 6 -

statue that 'makes debt collectors liable for violations that are not knowing or intentional.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010) (quoting *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)).

Section 1692e broadly prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Proscribed conduct includes, but is not limited to:

> (2) The false representation false representation of –
>    (A) the character, amount, or legal status of any debt,
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> * * *
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e.

### B.     *Least Sophisticated Debtor*

"Whether conduct violations [§ 1692e] . . . requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Gonzales v. Arrow Fin. Serv., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citations omitted) (alterations in original). "The objective least sophisticated

debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997) (citations omitted). Moreover, because it is an objective standard, "the specific plaintiff need not prove that *[]he* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015) (citations omitted). This standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clark v. Capital Cred & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)). "At the same time, the standard 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.'" *Gonzales*, 660 F.3d at 1062 (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law." *Gonzales*, 660 F.3d at 1061 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)).

Additionally, "a false or misleading statement is not actionable under § 1692e unless it is material." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). "[M]ateriality is an ordinary element of any federal claim based on a false or misleading statement." *Id.* (citations omitted). The Ninth Circuit Court of Appeals relying on the Seventh Circuit's opinion in *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009), recognized that "[t]he purpose of the FDCPA, 'to provide information that helps consumers to choose intelligently,' would not be furthered by

creating liability as to immaterial information because 'by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).'" *Donohue*, 592 F.3d at 1033. "[I]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense.'" *Id.* (quoting *Hahn*, 557 F.3d at 758) (2d alteration in original).

### C.   *Kazich as an Agent of Wells Fargo*

Plaintiff's Complaint asserts that "Autovest routinely uses these 'Assignment' forms signed by Kazich in order to mislead consumers into believing that the statement was signed by a Wells Fargo employee." Compl. (Doc. 1) ¶ 17; *see also* Pl.'s Response (Doc. 20) at 4–7.

The assignment indicates David Gallaher as the "obligor," Wells Fargo Financial, Inc. as the "assignor" and is signed by "Darren Kazich, Agent." Def.'s SOF (Doc. 10), Assignment of Installment Contract (Exh. "D"); *see also* Compl. (Doc. 1), Exh. "A." The Oxford English Dictionary defines "agent" as "[a] person who . . . acts upon someone or something; one who . . . exerts power; the doer of an action." *OED Online*. Oxford University Press (March 2016). An "employee" is defined as "[a] person who works for an employer; *spec.* a person employed for wages or a salary under an employment contract[.]" *OED Online*. Oxford University Press (March 2016). Accepting Plaintiff's contention that the least sophisticated debtor would confuse Darren Kazich position as that of a Wells Fargo employee as true, the Court finds that such confusion is immaterial. Whether one believes that Mr. Kazich is an agent or an employee of Wells Fargo leads to

the same conclusion — he possessed the authority to assign the contract to Autovest. Plaintiff has not demonstrated how this confusion would in any way alter the least sophisticated debtor's response. At oral argument, Plaintiff's counsel emphasized that the attachment of the assignment to the state court complaint is what makes the assignment misleading. This assertion is without support. As such, the Court finds summary judgment in favor of Defendant is appropriate.

### D. Plaintiff's Additional Arguments

Plaintiff raises additional arguments in his response to Defendant's summary judgment motion that he did not allege as claims in his Complaint, *e.g.*, invalidity of assignment under Arizona law; incorrect name of lender (Wells Fargo Financial, Inc. instead of Wells Fargo Financial Arizona, Inc.); and the implication that the document is the actual assignment. "A complaint . . . put[s] the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000). "Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). As such, the Court declines to reach these issues.

. . .

. . .

. . .

. . .

. . .

**IV.   CONCLUSION**

For the reasons discussed, *supra*, Defendant Autovest, LLC's Motion for Summary Judgment (Doc. 10) is GRANTED.  The Clerk of the Court shall enter judgment and close its file.

Dated this 30th day of March, 2016.

                                    Honorable Bruce G. Macdonald
                                    United States Magistrate Judge